IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS M. LINDSEY; TARI L. METZGER;
and UNKNOWN PLAINTIFFS                                                           PLAINTIFFS

v.                                                         CAUSE NO. 1:14CV260-LG-JCG

RODERICK AYCOX; SELECT MANAGEMENT
RESOURCES LLC; BONNIE WEDGEWORTH;
RICHARD WEDGEWORTH; THE CITY OF
GULFPORT; GULFPORT POLICE DEPARTMENT;
and UNKNOWN DEFENDANTS                                                          DEFENDANTS

## ORDER DENYING MOTION TO CERTIFY CLASS

BEFORE THE COURT is the [8] Motion to Certify the Class filed by Plaintiffs Thomas M. Lindsey and Tari L. Metzger (collectively, "Plaintiffs"), who are proceeding *pro se*. The Court is of the opinion that the Motion should be denied because Plaintiffs cannot satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23.

"To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). "Rule 23(a) requires initially that the proposed class representative demonstrate numerosity, commonality, typicality, and adequacy of representation." *Id.* To demonstrate adequacy of representation, Plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Fifth Circuit precedent is clear that "in federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a

nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).  Thus, Plaintiffs can only represent themselves, and not other members of a purported class.  It is also well-settled that *pro se* litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives.  *See Koym v. Fry's Elecs.*, No. A-08-CA-689-LY, 2009 WL 1883763, at *11 (W.D. Tex. June 30, 2009) (collecting cases); *see also Hennessy v. Blalack*, 35 F.3d 561, *1 (5th Cir. 1994) ("The district court did not abuse its discretion in finding that [the plaintiff], proceeding *pro se*, could not adequately represent the class."); *Washington v. Louisiana*, No. 09-3186, 2009 WL 2015556, at *1 n.1 (E.D. La. June 30, 2009) ("[G]iven plaintiff's pro se status, the Court finds that plaintiff cannot 'fairly and adequately protect the interest[s] of the class', as required under [Rule] 23(a)(4), and therefore, may not represent it.").  Accordingly, the Court finds that Plaintiffs cannot satisfy Rule 23(a)'s adequacy of representation requirement.

Attempting to avoid this result, Plaintiffs request appointment of counsel under Rule 23(g), which states in pertinent part that "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g).  "However, [P]laintiffs misunderstand the substance of the rule.  Rule 23(g) instructs federal courts that have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed class." *Day v. Wall*, No. CA 08-094 ML, 2008 WL 4773054, at *2 (D.R.I. Oct. 30, 2008); *see also, e.g., Blosser v.*

*Land*, No. 2:07-cv-11781, 2008 WL 795748, at *5-6 (E.D. Mich. 2008).

Because Plaintiffs cannot satisfy Rule 23(a)'s adequacy of representation requirement, class certification will be denied. Furthermore, since it finds that adequacy of representation is lacking, the Court has no need to consider whether Plaintiffs have satisfied the other requirements of Rule 23(a) or the requirements of Rule 23(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Certify the Class filed by Plaintiffs is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE