IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS M. LINDSEY and
TARI L. METZGER                                                                              PLAINTIFFS

v.                                                                    CAUSE NO. 1:14CV260-LG-JCG

RODERICK AYCOX; SELECT MANAGEMENT
RESOURCES LLC; BONNIE WEDGEWORTH;
RICHARD WEDGEWORTH; and
UNKNOWN DEFENDANTS                                                                      DEFENDANTS

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS RICHARD AND BONNIE WEDGEWORTH

BEFORE THE COURT is the [144] Motion for Summary Judgment filed by the Defendants Richard and Bonnie Wedgeworth ("Defendants" or "the Wedgeworths"). Plaintiffs Thomas M. Lindsey and Tari L. Metzger did not respond to the Motion and the time for doing so has now expired. Having considered the Motion and the relevant law, the Court is of the opinion that the Motion should be granted with respect to Plaintiffs' federal RICO claims. The Court will dismiss those claims with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss those claims without prejudice.

### BACKGROUND

On July 3, 2014, Plaintiffs Lindsey and Metzger, who are proceeding *pro se*, filed a 33-page Complaint. Plaintiffs identified as named Defendants Roderick Aycox, Select Management Resources LLC ("SMR"), Bonnie Wedgeworth, Richard

Wedgeworth, the City of Gulfport, and the Gulfport Police Department.[1] Plaintiffs' claims stem from the repossession of their vehicles in 2012 and 2013 after they defaulted on title loans acquired from a company allegedly owned by Defendant Select Management Resources.

Specifically, Plaintiffs claim that, in 2012, the day after Plaintiff Metzger defaulted on a title loan for her vehicle, "they observed an un-marked all black tow truck block Metzger's car in the parking lot of her apartment . . . ." (Compl. 7, ECF No. 1). Two men "jumped out of the tow truck" and one of them yelled at Metzger "that she better give them her car or they were going to call the Biloxi police department and have her arrested . . . ." (*Id.*). Plaintiffs allege that "because of the threat made to harm her reputation Metzger gave the men her car and it was later sold at auction." (*Id.*).

Plaintiffs also state that "[o]n or about 2013 Plaintiff Lindsey defaulted on a title loan" for his vehicle. They further state that "[o]n or about November 29th[,] 2013 at or around 3:30 a.m. Lindsey heard a vehicle pull into the yard of his friend's home" and then saw "an un-marked all black tow truck parked in front of his Dodge truck, and an un-identified white male was directing the driver of the tow truck to the front of Lindsey's truck." (*Id.*). Plaintiff Lindsey claims that he asked the men if they had a court order and then told them to leave the property unless they had

---

[1] The City and the Police Department have both been terminated as defendants in this action. The claims against Defendants Aycox and SMR have been sent to mandatory arbitration.

one. (*See id*. at 7-8). He also states that he then got into the truck and attempted to reverse it while it was being hoisted onto the tow truck. (*See id*.). According to the Complaint, "seven Gulfport police officers arrived and instead of preventing the two men from stealing Lindsey's truck, they instead did not leave until the tow truck was allowed to forcefully take Lindsey's truck away against his will or with [*sic*] his consent without lawful judicial order or service of such." (*See id*.). Plaintiffs allege that the Wedgeworths are the owners of All South Recovery ("ASR"), which they contend was the towing company that towed the vehicles.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). Even so, summary judgment is appropriate if the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiffs have not submitted any argument or evidence in opposition to Defendants' Motion. Nevertheless, Defendants have the burden of establishing the absence of a genuine issue of material fact and, unless they have done so, the Court

may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But the Court will not, in the absence of proof, assume that Plaintiffs could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Construing Plaintiffs' Complaint liberally, the only remaining Counts against the Wedgeworths are for violations of 18 U.S.C. §§ 1962(a)-(d) (part of the federal RICO statute) and for violations of Mississippi Code § 97-43-5 (Mississippi's RICO statute). Plaintiffs also seek return of allegedly converted property, which the Court construes as a state law claim for conversion. Having reviewed Defendants' Motion and the supporting evidence, the Court finds that Defendants have met their burden of establishing the absence of a genuine issue of material fact on the federal claims stated against them under § 1962, and, thus, are entitled to judgment as a matter of law on those claims. The Court will therefore dismiss the § 1962 claims with prejudice. The Court declines to exercise jurisdiction over the remaining state law claims, as discussed below, and will dismiss those claims without prejudice.

**18 U.S.C. § 1962(a)**

"Subsection 1962(a) prohibits a person who has received income from a pattern of racketeering activity from investing that income in an enterprise." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 202 (5th Cir. 2015). "To state a claim under § 1962(a)," a plaintiff must show: '(1) the existence of

an enterprise, (2) the defendant's derivation of income from a pattern of racketeering activity, and (3) the use of any part of that income in acquiring an interest in or operating the enterprise." *Id.* (citation omitted). "Reduced to its simplest terms, this subsection prohibits a person who has received income from a pattern of racketeering from investing that income in an enterprise." *Tatum v. Smith*, 887 F. Supp. 918, 925 (N.D. Miss. 1995).

Plaintiffs admitted in their depositions that they have no evidence that the Wedgeworths and/or ASR used any part of their income, if any, from repossession of the vehicles to acquire an interest in or operate an alleged RICO enterprise. Therefore, summary judgment in favor of the Wedgeworths is appropriate on this claim. *See N. Cypress*, 781 F.3d at 202.

**18 U.S.C. § 1962(b)**

"To state a claim under § 1962(b), [Plaintiffs] had to show that [their] injuries were proximately caused by a RICO person gaining an interest in, or control of, the [RICO] enterprise through a pattern of racketeering activity . . . ." *N. Cypress*, 781 F.3d at 202 (citation and quotation marks omitted). Plaintiffs' conclusory allegations in their Complaint and/or depositions relating to the Wedgeworths' acquisition of an interest in and/or control of a RICO enterprise are insufficient to overcome summary judgment. *See Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) (affirming summary judgment in favor of defendants on § 1962(b) claim where plaintiff "offer[ed] only conclusory allegations in support of

claims that the . . . defendants . . . violated § 1962(b) by acquiring or increasing their interests in an enterprise through racketeering").

Furthermore, "[a] pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009); *see* 18 U.S.C. § 1961. "The predicate acts can be either state or federal crimes." *St. Germain*, 556 F.3d at 263.

Even assuming *arguendo* that any repossession was illegal, Defendants have pointed to the absence of evidence of more than one racketeering activity, and Plaintiffs have not met their burden of producing evidence otherwise. Namely, while it is undisputed that ASR repossessed Plaintiff Lindsey's vehicle, there is no competent summary judgment evidence that ASR repossessed Plaintiff *Metzger*'s vehicle. The single repossession of Plaintiff Lindsey's vehicle does not constitute a "pattern." *See* 18 U.S.C. § 1961(5). For all these reasons, then, summary judgment will be granted on Plaintiffs' § 1962(b) claim against the Wedgeworths. *See, e.g.*, *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 624-25 (N.D. Tex. 2007).

**18 U.S.C. § 1962(c)**

Section 1962(c) states in pertinent part that no "person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, [may] conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity

. . . ."[2] Therefore, Plaintiffs' 1962(c) claim fails because, as shown above, there is no genuine issue of material fact with respect to the "pattern of racketeering" element. *See Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 560 (5th Cir. 2015).[3]

**18 U.S.C. § 1962(d)**

"Subsection 1962(d) prohibits a conspiracy to violate §§ 1962(a), (b), or (c)." *N. Cypress*, 781 F.3d at 203. "To prevail on a RICO conspiracy claim, [Plaintiffs] had to demonstrate '(1) that two or more people agreed to commit a substantive RICO offense and (2) that [the Wedgeworths] knew of and agreed to the overall objective of the RICO offense.'" *Id.* (citation omitted).

As is clear by their deposition testimony, Plaintiffs cannot come forward with any evidence – only speculation – that the Wedgeworths were aware of any conspiracy and acted in furtherance thereof. *See, e.g.*, *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 692 (S.D. Tex. Jan. 31, 2014). There is no "evidence

---

[2] That section also refers to the collection of an unlawful debt. There is no unlawful debt involved in this action, as both Plaintiffs concede that they are not challenging the debt owed for their vehicles, but, instead, the manner in which the vehicles were repossessed.

[3] The United States Supreme Court has also said that "'to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs,' §1962(c), one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). Regardless of if Plaintiffs could show two predicate acts, there is no evidence of this essential element, either. *See Zastrow*, 789 F.3d at 561 n.7; *Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 WL 5514944, at *60 (S.D. Tex. Oct. 1, 2013); *see also Celotex*, 477 U.S. at 322.

from which a reasonable fact-finder could conclude that [the Wedgeworths] agreed to commit a substantive RICO offense and knew of and agreed to the overall objective of the RICO offense." *See Pemex Exploracion y Produccion v. BASF Corp.*, No. H-10-1997, 2013 WL 5514944, at \*61 (S.D. Tex. Oct. 1, 2013). Lacking such evidence, Plaintiffs' claim against the Wedgeworths for RICO conspiracy fails as a matter of law, and the Wedgeworths are entitled to summary judgment on this claim.[4] *See id.*

**State Law Claims**

The basis of the Court's jurisdiction over the Wedgeworths is the federal RICO statute. The "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Indeed, "[u]nder 28 U.S.C. § 1367(c)(3) this court has broad discretion to decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction." *Matherne v. Larpenter*, 54 F. Supp. 2d 684, 688 (E.D. La. 1999). The Court, having dismissed Plaintiffs' federal RICO claims against the Wedgeworths, declines to exercise supplemental jurisdiction over the state law claims against them, and will dismiss

---

[4] Although not raised by Defendants, the Court is of the opinion that the conspiracy claim would still fail because Plaintiffs cannot prove an underlying violation of §§ 1962(a), (b), or (c), as established herein. *See, e.g.*, *Dixon v. Ford Motor Credit Co.*, 137 F. Supp. 2d 702, 709 (E.D. La. 2000) ("Thus, in the absence of valid claims under subsections (a), (b), or (c), a claim under subsection (d) must also fail."); *Conwill v. Greenberg Traurig, L.L.P.*, No. 09-4365, 2011 WL 1103728, at \*7 (E.D. La. Mar. 22, 2011); *RA Invs. I, LLC v. Deutsche Bank AG*, No. 3:04-cv-1565-G, 2005 WL 1356446, at \*11 (N.D. Tex Jun 6, 2005).

those claims without prejudice. *See, e.g.*, *Terrell v. Hancock Bank*, 7 F. Supp. 2d 812, 818-19 (S.D. Miss. 1998).

**Plaintiffs' Claims Against Defendants Aycox and SMR**

Almost a year ago, the Court ordered Plaintiffs' claims against Defendants Aycox and SMR to arbitration. (*See* Order, ECF No. 44). As those claims are now the only remaining claims, the Court will order that Plaintiffs inform the Court of the status of the arbitration, so that this action may be concluded in a timely manner.

## CONCLUSION

The Court is of the opinion that no genuine issues of material fact remain with respect to Plaintiffs' federal RICO claims against the Wedgeworths. As a result, the Court will dismiss those claims with prejudice. The Court will dismiss the remaining state law claims against the Wedgeworths without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [144] Motion for Summary Judgment filed by the Defendants Richard and Bonnie Wedgeworth is **GRANTED**. Plaintiffs' claims against the Wedgeworths made pursuant to 18 U.S.C. § 1962 are **DISMISSED WITH PREJUDICE**, and their state law claims against the Wedgeworths are **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs are **ORDERED** to file a written report with this Court **within seven days** of the date of this Order with respect to the status of the sole remaining claims in this action against Defendant Aycox and Select Management Resources, which are subject to the Court's arbitration [44] Order. **Failure to**

**comply with this Order may result in the Court lifting the stay with respect to those claims and thereafter dismissing those claims.**

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE