IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS M. LINDSEY and
TARI L. METZGER                                                                                    PLAINTIFFS

v.                                                                        CAUSE NO. 1:14CV260-LG-JCG

RODERICK AYCOX; SELECT MANAGEMENT
RESOURCES LLC                                                                                    DEFENDANTS

### ORDER LIFTING STAY AND DISMISSING ACTION WITHOUT PREJUDICE

This matter is before the Court *sua sponte* for consideration of dismissal. For the reasons discussed herein, the Court finds that it is appropriate to lift the stay with respect to the only claims remaining in this action, and to thereafter dismiss the action without prejudice.

Plaintiffs Thomas M. Lindsey and Tari L. Metzger initiated this action against multiple Defendants on July 3, 2014. On June 5, 2015, the Court ordered Plaintiffs' claims against Defendants Roderick Aycox and Select Management Resources LLC ("SMR") to arbitration. Because claims remained that were not subject to arbitration, the Court in its discretion decided to stay the claims against Aycox and SMR pending mandatory arbitration. (*See* Order, ECF No. 44); *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 (5th Cir. 2003).

On May 4, 2016, the Court granted summary judgment in favor of Defendants Richard and Bonnie Wedgeworth.[1] (*See* Order, ECF No. 146). In that

---

[1] The Court had already dismissed Defendants City of Gulfport and the Gulfport Police Department. The Wedgeworths were the only Defendants remaining at that point whose claims were not subject to mandatory arbitration.

Order, the Court also addressed Plaintiffs' claims against Defendants Aycox and SMR:

> Almost a year ago, the Court ordered Plaintiffs' claims against Defendants Aycox and SMR to arbitration. (*See* Order, ECF No. 44). As those claims are now the only remaining claims, the Court will order that Plaintiffs inform the Court of the status of the arbitration, so that this action may be concluded in a timely manner.

(*Id.* at 9). The Court thus ordered Plaintiffs "to file a written report with this Court **within seven days** of the date of this Order with respect to the status of the sole remaining claims in this action against Defendants Aycox and Select Management Resources, which are subject to the Court's arbitration [44] Order." (*Id.*, emphasis in original). The Court also specifically cautioned Plaintiffs that "**Failure to comply with this Order may result in the Court lifting the stay with respect to those claims and thereafter dismissing those claims**." (*Id.* at 9-10, emphasis in original).

To date, nearly six months later, Plaintiffs have not filed anything with the Court regarding the status of the arbitration. Instead, during a telephonic status conference held on November 2, 2016, Plaintiffs informed Magistrate Judge John C. Gargiulo that they have no explanation for their failure to comply with the Court's Order. During the conference, it also became clear that Plaintiffs have made little to no effort to initiate arbitration of their sole remaining claims against Aycox and SMR, despite the Court's arbitration Order entered well over a year ago.

"The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean*

2

*Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Because the only remaining claims must be submitted to arbitration, and because it is apparent that no progress has been made towards arbitration, the Court is of the opinion that the stay should be lifted and the claims against Aycox and SMR dismissed without prejudice.[2]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the stay in this action is lifted, and the remaining claims are **DISMISSED WITHOUT PREJUDICE**. A Final Judgment will issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[2] The Court notes for Plaintiffs that this dismissal does not mean that they may not still arbitrate their claims against Aycox and SMR. Nor does the dismissal prohibit Plaintiffs from filing a new action to enforce an arbitration award, if one is entered in favor of Plaintiffs and against Aycox and SMR, as appropriate. *See* 9 U.S.C. § 9 (discussing district court confirmation of an arbitration award).